09-1202-cv
RSM Prod. Corp. v. Fridman

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten,

Present:

> Ralph K. Winter,
> Reena Raggi,
> Debra Ann Livingston,
> *Circuit Judges.*



RSM Production Corporation, Jack J. Grynberg,
    *Plaintiffs-Appellants,*

Grynberg Petroleum Company,
    *Plaintiff,*

v.                                                                                                        09-1202-cv

Mikhail Fridman, Len Blavatnik, Gregory Bowen,
    *Defendants-Appellees,*

Lev Korchagin, John Does 1-5, Lev Model, Global Petroleum Corporation, TNK-BP, Lord John Browne, BP P.L.C.,
    *Defendants.*

It is hereby ORDERED that, on or before Wednesday, June 16, 2010, plaintiffs and defendant Gregory Bowen shall each file a letter brief of no more than ten, double-spaced pages regarding the relevance <u>vel non.</u> of the Supreme Court's opinion in <u>Samantar v. Yousuf</u>, No. 08-1555 (U.S. June 1, 2010), to this case.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe, Clerk



LAW OFFICE OF
DANIEL L. ABRAMS, PLLC
2 PENN PLAZA
SUITE 1500
NEW YORK, NEW YORK 10121

TEL 212.292.5663
FAX 646.536.8905
E-MAIL DAN@LAWYERQUALITY.COM

By Hand Delivery

June 16, 2010

Ms. Catherine O'Hagan Wolfe -- Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

    Re: RSM Production Corp. et ano., v. Fridman et al., 09-1202

Dear Ms. Wolfe:

In accordance with the Court's June 2, 2010 Order in the above-referenced appeal, Appellants RSM Production Corporation and Jack J. Grynberg (collectively "RSM"), through undersigned counsel, respectfully submit this letter-brief on the relevance vel non of the Supreme Court's opinion in Samantar v. Yousef, 2010 WL 2160785 (U.S. June 1, 2010) ("Samantar").

Samantar is relevant to the Court's deliberations for three (3) principal reasons. First, Samantar makes clear that the lower court's dismissal of Appellee Gregory Bowen ("Mr. Bowen") on immunity grounds was erroneous, and that any decision pertaining to common law or related immunities must await a remand. Second, since there are no alternative grounds for affirmance, Samantar requires a remand, at least as it pertains to Gregory Bowen. Third, since the lower court

relied on its discretionary authority and did not identify any defects with the pleadings which were specific to the defaulting defendants (Global Petroleum Group, Ltd. and Lev Model), it is unclear whether the lower court's erroneous belief that Mr. Bowen was entitled to sovereign immunity protection factored into its decision to deny default judgments against Mr. Bowen's co-conspirators, and the lower court should on remand be asked to consider the motion for default judgments in light of Samantar as well as for the other reasons RSM has previously argued.

## I.     Samantar Overturns The Law Underpinning The Rationale Provided By The Court In Support Of Its Opinion Dismissing Gregory Bowen

In Samantar, the Court ruled that individual foreign officials are not covered by the Foreign Sovereign Immunities Act ("FSIA"). This ruling overturned the prior law of this Circuit and conclusively undercuts the lower court's rationale for dismissing Appellee Gregory Bowen, who is the former Minister of Energy for Grenada as well as the former Deputy Prime Minister. The lower court had concluded that Mr. Bowen's prior position with Grenada rendered him "a foreign sovereign" and therefore a "foreign state" under the FSIA. SPA-11. The lower court cited this Court's decision in In re Terrorist Attacks of September 11, 2001,

538 F.3d 71, 80 (2d Cir. 2008)[1] for its conclusion that individuals such as Mr. Bowen are properly considered "foreign states" under the FSIA.  SPA-11.

Even accepting the law this Circuit announced in <u>Terrorist States</u>, we had disagreed sharply with the lower court's analysis of the FSIA issue.  Now those disagreements have been mooted by <u>Samantar</u>, which eliminates any doubt that individuals such as Mr. Bowen are not immunized by the FSIA.

## II. No Alternative Grounds Exist For Affirming The Lower Court's Decision Dismissing Gregory Bowen

Since <u>Samantar</u> disposes of the FSIA issue, the only remaining question related to Mr. Bowen's dismissal is whether there exist any alternate grounds of affirmance.  The Court of course retains the power to affirm on alternate grounds, but once shorn of the idea that he is covered under the FSIA, Mr. Bowen is not entitled to judgment dismissing this lawsuit.

### A. The Possible Alternative Grounds For Individual Immunity Articulated In <u>Samantar</u> Do Not Justify Dismissal Of This Lawsuit

The <u>Samantar</u> decision observed that FSIA protection is not the only potential immunity shield for foreign officials sued in United States courts.  The

---

[1] The parties briefed motions to dismiss prior to this Court's decision in <u>Terrorist Attacks</u> – plaintiff urged the position that individual foreign officials were not covered by the FSIA, while Mr. Bowen had urged the contrary position.  <u>Compare</u> Docket Entry Nos. 167 (plaintiff's opposition) and 168 (Bowen's reply).  After this briefing but prior to oral argument, this Court decided <u>Terrorist Attacks</u>.  Docket Entry # 179.

Court specifically alluded to the possibility of common law immunity for individual foreign officials. 2010 WL 2160785, at *9. However, the Court had no factual or legal record with which to assess the possible application of the common law, and accordingly the Court remanded to the district court for a determination of any possible common law immunity. Id. At 10. Here, Mr. Bowen has never argued for any common law immunity. Much like Mr. Samantar, Mr. Bowen should have an opportunity to assert such immunity, if any, and make appropriate arguments in the district court.

    The Samantar Court also noted that, in some cases, the inability to join the sovereign government in the lawsuit may require a dismissal for failure to join an indispensible party, particularly where the sovereign's interests may be prejudiced. Id. At 9. Judge Cote has already held that Grenada is not an indispensable party, at least at the pleading stage. See RSM v. Fridman, 2007 WL 2295897 at *9 (August 10, 2007). And in any event, this lawsuit is against Mr. Bowen personally, and cannot and will not prejudice Grenada's rights. See Generally Docket Entry # 69 at Section IV.

    Finally, *dicta* in the Samantar Court also made reference to the "act of state" doctrine, which was another issue raised in the pleadings before the lower court and found to be premature. The lower court correctly noted that the act of state

doctrine "is more appropriately raised in a motion for summary judgment than in a motion to dismiss." SPA-27 N. 20. On remand, RSM intends to show that Mr. Bowen's actions in accepting personal bribes are far from being an act of state. Moreover, as RSM advised in the undersigned's April 9, 2010 letter, while this appeal has been pending Mr. Bowen's prior efforts to dole out petroleum license rights to the Global Petroleum Group -- the company that provided him significant illegal bribes and obtained the benefits of those bribes -- have in fact been suspended by Grenada's present government pending investigation into the circumstances in which Global Petroleum obtained the license. RSM intends to show on remand that Grenada has specifically refused to honor the license which Mr. Bowen steered towards Global Petroleum Group in return for illegal payments, and that the act of state doctrine is inapplicable.

**B.     The Conspiracy Allegations Against Bowen Are Sufficient**

Bowen's appeal argues that the complaint fails to state a claim, even though his counsel (Paul Weiss) in the Lower Court conceded by silence the sufficiency of the substantive allegations. See Docket Entry #161 (Mr. Bowen's brief in support of motion to dismiss, making arguments related to FSIA, personal jurisdiction, venue, act of state doctrine, and statute of limitations).[2] But given Mr. Bowen's

---

[2]     RSM's Opposition Brief to Mr. Bowen's Motion To Dismiss may be found at Docket # 167, and to the extent the Court is inclined to consider any of Mr. Bowen's arguments raised

appellate stance, a quick summary of the allegations pertaining to Mr. Bowen are in order. Mr. Bowen accepted bribe payments on multiple occasions from his co-defendants in furtherance of a conspiracy to interfere with RSM's exclusive petroleum contract and economic relationship with the Government of Grenada in favor a consortium led by Global Petroleum Group and its CEO Lev Model. A third-party witness who previously worked for Lev Model for a government-owned company overseen by Bowen has testified that Model, who is the titular head of the competing consortium and also a convicted felon, is paying the college tuition of Bowen's daughter. A-653 TAC ¶ 55; A-608-610 (Declaration of Michaele Rose). There are also specific allegations based on the account of another witness showing that Bowen received bribe monies from co-defendants/appellees Fridman and Blavatnik, in furtherance of the conspiracy to tortiously interfere with the contract and relationship between RSM and Grenada. A-651; TAC ¶ 50. And Mr. Bowen demanded a bribe directly from Appellants, using the threat that he would impose obstacles to Appellants doing business in Grenada if the bribe were not paid. A-636; TAC ¶ 15.

These allegations and others in the TAC show that Bowen conspired with other Appellees to receive bribes in furtherance of his own interests and to allow Global Petroleum to obtain the license rights that rightfully belong to

---

below, RSM respectfully refers to this brief.

RSM.  See Morrison v. Goodspeed, 100 Colo. 470, 484, 68 P.2d 458 (Colo. 1937) (Colorado Supreme Court rules that if a conspiratorial "agreement and concert of action resulted in damages…it is such result that constitutes [the] cause of action, and it is good as against all who participated in producing it.").  Shortly after RSM filed the TAC but before the lower court heard oral argument, Bowen steered the license that RSM was denied to Global Petroleum Group.  R-800.  This happened right before a national election where Bowen and his party lost power.  Docket Entry # 173.

It is noteworthy that Appellees Fridman and Blavatnik, who are the other non-defaulting Appellees herein, have based their arguments primarily around the notion that their own alleged ties to Mr. Bowen and Global Petroleum Group/Lev Model are too attenuated to support the TAC as alleged against them.  We have disputed Fridman's and Blavatnik's arguments and will rest on our prior briefing and argument with respect to those Appellees.  The point here is that, whatever the merits of Fridman's and Blavatnik's positions, these arguments are *not* available to Mr. Bowen, who is at the epicenter of the alleged criminal conspiracy.

### III. <u>Samantar</u> Provides An Additional Reason For The Lower Court To Consider The Motions For Default Judgments On Remand

As detailed in RSM's briefing, the lower court's denial of motions for default against Global Petroleum Group and its Chairman Lev Model was not supported by any identified pleading defects with respect to these Defendants, each of whom failed to appear in this case despite proper service. The lower court cited its discretion to refuse to enter default judgments, but this discretion evaporates if the court's ruling is the product of legal error. RSM Reply Brief at 34.

Given the lower court's lack of analysis specific to the defaulting defendants, it is unclear whether the lower court's belief -- since corrected by <u>Samantar</u> -- that Mr. Bowen was entitled to sovereign immunity played any role in the decision to deny the default judgments. Since conspiracies require, *inter alia*, the agreement of two separate parties, the lower court may have felt in the exercise of its discretion that it would be unfair to subject the defaulting defendants to defaults related to the alleged bribery conspiracy where the recipient of the alleged bribes was immune from suit. With Mr. Bowen appearing and amenable to suit the Court could stay the default motions until the lawsuit against Mr. Bowen (and, if applicable, any other Appellees) is resolved. Now that the Supreme Court has clarified the relevant immunity law, this Court should remand with instructions to

consider the default judgments in light of <u>Samantar</u>.

## **CONCLUSION**

For the aforementioned reasons, Appellants request that the Court consider <u>Samantar</u> in further support of their request for a remand against Gregory Bowen, Lev Model, and Global Petroleum Group Ltd.

                                                  Respectfully Submitted,

                                                  /s/ Daniel L. Abrams

                                                  Daniel L. Abrams

cc:    All Counsel of Record (Affidavit of Service Attached)

# CERTIFICATE OF SERVICE

09-1202-cv        RSM Production v. Fridman

I hereby certify that one copy of this Letter Brief was sent by hand delivery to:

Robert Hardy Pees
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000
Attorneys for Defendant-Appellee
Mikhail Fridman

Roger Victor Archibald
Roger Victor Archibald, PLLC
26 Court Street, Suite 711
Brooklyn, New York 11242
(718) 237-1111
Attorneys for Defendant-Appellee
Gregory Bowen

Turner Smith
Curtis Mallet-Prevost Colt & Mosle, LLP
101 Park Avenue
New York, New York 10178
(212) 696-6121
Attorneys for Defendant-Appellee
Len Blavatnik

I also certify that the original Letter Brief and five copies were also filed by hand to:

Clerk of Court
United States Court of Appeals, Second Circuit
United States Courthouse
500 Pearl Street, 3rd floor
New York, New York 10007
(212) 857-8576

on this 16th day of June 2010.

Notary Public:

/s/ Ramiro A. Honeywell
**Sworn to me this**
June 16, 2010
RAMIRO A. HONEYWELL
Notary Public, State of New York
No. 01HO6118731
Qualified in Kings County
Commission Expires November 15, 2012

/s/ Natasha Monell Arez
NATASHA MONELL AREZ
Record Press, Inc.
229 West 36th Street, 8th Floor
New York, New York 10018
(212) 619-4949