**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Civil Action No. 10 Civ. 457 (EGS)

RSM PRODUCTION CORPORATION (3600 S. Yosemite Street, Suite 900 Denver, CO 80237),

Plaintiff,

v.

FRESHFIELDS BRUCKHAUS DERINGER US LLP (701 Pennsylvania Ave. NW, Suite 600 Washington, DC), JAN PAULSSON (2 rue Cézanne 75008, Paris, France) and BRIAN KING (520 Madison Avenue, New York, NY 10022)

Defendants.

# NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff RSM Production Corporation wishes to inform the Court that the Second Circuit has affirmed the District Court's decision via Summary Order in RSM v. Fridman, which is the lawsuit in which the Freshfields' Defendants premised their *res judicata* arguments. The Second Circuit's Summary Order is attached hereto. Noteworthy is the fact that the Second Circuit observed that Mr. Bowen's dismissal on jurisdictional grounds was not proper, but affirmed on the alternative grounds of failure to state a claim.[1] Thus, Mr. Bowen has now received a dismissal on the merits in the New York case.

---

[1] The Second Circuit characterizes the District Court's dismissal of Bowen as being both jurisdictional and substantive, but they do not point to any such language in the District Court's decision, and in any event the District Court could not enter any substantive decision once it (albeit erroneously) found that it lacked jurisdiction. See RSM Brief at 30.

RSM has briefed several different reasons why claim preclusion is not appropriate in this case.  See Generally RSM Brief at 29-33.  RSM acknowledges that Mr. Bowen's substantive dismissal in New York moots one of the several reasons why claim preclusion does not apply.

All other reasons are undisturbed by the Second Circuit's decision – to wit, (1) Gregory Bowen and Freshfields cannot be said to be in privity, (2) the other alleged co-conspirators did not receive merits-based dismissals and in any event were not in privity with Freshfields, (3) there was no fact-finding in New York, and this case involves an entirely separate legal theory, and (4) many of the facts leading to this lawsuit were discovered long after the 2006 commencement of the New York lawsuit.  See RSM Brief at 29-33.

Dated: July 23, 2010

                Respectfully submitted,

                LAW OFFICE OF DANIEL L. ABRAMS, PLLC


                _____
                Daniel L. Abrams
                2 Penn Plaza, Suite 1500
                New York, New York 10121
                (212) 292-5663
                Admitted *Pro Hac Vice*

                Kelly Pride Hebron
                Pride Law Office
                1300 Merchantile Lane, Suite 139ii
                Largo, MD 20774
                (301) 583-4633