# EXHIBIT D

Westlaw.

Slip Copy, 2010 WL 2838582 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2838582 (C.A.2 (N.Y.)))

H
Only the Westlaw citation is currently available. This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
RSM PRODUCTION CORPORATION, Jack J. Grynberg, Plaintiffs-Appellants,
Grynberg Petroleum Company, Plaintiff,
v.
Mikhail FRIDMAN, Len Blavatnik, Gregory Bowen, Defendants-Appellees,
Lev Korchagin, John Does 1-5, Lev Model, Global Petroleum Corporation, TNKBP, Lord John Browne, BP P.L.C., Defendants.
No. 09-1201-cv.

July 21, 2010.

Appeal from the United States District Court for the Southern District of New York (Evan J. Wallach, Judge).[FN1]

   FN1. Judge Evan J. Wallach of the United States Court of International Trade, sitting by designation.

Daniel L. Abrams, New York, NY, for Appellants.

Roger V. Archibald, Brooklyn, NY, for Gregory Bowen.

Turner P. Smith (Myles K. Bartley, Andrew B. Zinman, on the brief), Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY, for Len Blavatnik.

W. Randolph Teslik, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C. (Robert Hardy Pees, Akin Gump Strauss Hauer & Feld LLP, New York, NY, Kevin R. Amer, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., on the brief), for Mikhail Fridman.

Present RALPH K. WINTER, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

SUMMARY ORDER

*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 19, 2009, is AFFIRMED.

Plaintiffs RSM Production Corporation ("RSM") and Jack J. Grynberg sued (1) defendants Len Blavatnik and Mikhail Fridman, directors of a Russian oil company, for tortious interference with RSM's business relationship and contract with the nation of Grenada to engage in exclusive oil and natural gas exploration; and (2) defendants Blavatnik, Fridman, and Gregory Bowen, Grenada's former deputy prime minister and minister of agriculture and energy, for civil conspiracy to disrupt RSM's oil exploration rights. Plaintiffs now appeal from (a) the dismissal of their third amended complaint (i) as to Blavatnik and Fridman, for failure to state a claim, see Fed.R.Civ.P. 12(b)(6); and (ii) as to Bowen, for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-1611; see also Fed.R.Civ.P. 12(b)(1), and alternatively for failure to state a claim; and (b) the denial of plaintiffs' application for default judgments against non-appearing defendants Lev Model and Global Petroleum Group. We review the district court's dismissal of a complaint *de novo*, *see Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009) (Rule 12(b)(6)); *Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230, 235 (2d Cir.2002) (Rule 12(b)(1)), and its denial of a default judgment for abuse of discretion, *see Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2838582 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2838582 (C.A.2 (N.Y.)))

Page 2

### 1. *Dismissal of Claims Against Blavatnik and Fridman*

Plaintiffs' claims against Blavatnik and Fridman for tortious interference with both a contract and a prospective economic advantage from a business relationship required plaintiffs to allege, *inter alia,* that defendants' conduct caused the complained-of injury. *See Kirch v. Liberty Media Corp.,* 449 F.3d 388, 400 (2d Cir.2006) (requiring plaintiff claiming tortious interference with prospective economic advantage under New York law to allege causation); *Sharma v. Skaarup Ship Mgmt. Corp.,* 916 F.2d 820, 828 (2d Cir.1990) (same for tortious interference with contract).[FN1] Like the district court, we conclude that plaintiffs have failed plausibly to plead this element. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

> FN1. We need not decide whether New York or Colorado law applies because the elements of plaintiffs' claims are not materially different under Colorado law. *See Krystkowiak v. W.O. Brisben Cos.,* 90 P.3d 859, 871 (Colo.2004) (noting that "intentional interference with contract" claim requires that defendant "induce the party to breach or make it impossible for the party to perform the contract"); *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 500 (Colo.1995) (same for intentional interference with prospective business relation (citing Restatement (Second) of Torts § 766B (1979))).

Plaintiffs' third amended complaint alleges that, "[i]n September 1996, in Grenada, Gregory Bowen ... advised Jack Grynberg that he expected significant bribe payments from RSM and Grynberg in order for RSM and Grynberg to do business in Grenada," and that, "[a]fter the refusal of RSM and Grynberg to pay bribes to Bowen, Bowen obstructed, harassed and intimidated RSM and Grynberg in their efforts to explore, develop and produce Grenada's oil and natural gas resources." Third Am. Compl. ¶ 15. Plaintiffs then allege, in detail, actions Bowen took to obstruct performance of the contract before any alleged interference by Blavatnik and Fridman. Such pleadings do not plausibly allege that defendants' conduct injured plaintiffs' relationship with Grenada because any injury is "not only compatible with, but indeed ... more likely explained by" Grynberg's refusal to bribe Grenadian officials. *Ashcroft v. Iqbal,* 129 S.Ct. at 1950.

*2 Accordingly, the district court correctly dismissed plaintiffs' tortious interference claims against Blavatnik and Fridman. Because plaintiffs' civil conspiracy claim requires them "to state causes of action for either of the torts underlying the alleged conspiracy," the district court also properly dismissed that claim. *See Kirch v. Liberty Media Corp.,* 449 F.3d at 401.

### 2. *Dismissal of Claim Against Bowen*

The district court concluded both that Bowen was entitled to immunity as an agent or instrumentality of a foreign state under the FSIA and, as already noted, that plaintiffs did not state a claim for civil conspiracy against "all appearing Defendants," including Bowen. *RSM Prod. Corp. v. Fridman,* 643 F.Supp.2d 382, 413 (S.D.N.Y.2009). While the district court's FSIA conclusion might well have been correct under the law in effect at the time, *see In re Terrorist Attacks on Sept. 11, 2001,* 538 F.3d 71, 83 (2d Cir.2008), the Supreme Court recently held that the common law, not the FSIA, governs immunity claims of foreign officials, *see Samantar v. Yousuf,* 130 S.Ct. 2278, 2292-93 (2010); *Carpenter v.. Republic of Chile,* --- F.3d ----, 2010 WL 2558012, at *2 (2d Cir.2010). We need not, however, remand to the district court for further proceedings regarding whether Bowen may be entitled to immunity on other grounds, *cf. Carpenter v. Republic of Chile,* 2010 WL 2558012, at *2, because the district court concluded, and we agree, that plaintiffs have failed in any event to state a civil conspiracy claim, *see Kirch v. Liberty Media Corp.,* 449 F.3d at 401.[FN2]

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2838582 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2838582 (C.A.2 (N.Y.)))

Page 3

FN2. Because we dismiss the claim on the merits as Bowen urges in his supplemental brief, we need not discuss whether, after the Supreme Court's decision in *Samantar,* the district court lacked personal jurisdiction over Bowen. *See* 130 S.Ct. at 2292 n. 20 (holding that "plaintiff will have to establish that the district court has personal jurisdiction over an official without the benefit of the FSIA provision that makes personal jurisdiction over a foreign state automatic when an exception to immunity applies and service of process has been accomplished in accordance with" procedures set forth in statute); *see also In re DES Litig.,* 7 F .3d 20, 24 (2d Cir.1993) (noting that "[l]ack of personal jurisdiction is a waivable defect" and assuming existence of jurisdiction to adjudicate merits); 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6, at 553 (3d ed. 2002) ("[W]hen the jurisdictional question is complex or difficult, a court simply may avoid the issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction, thereby obviating any need to decide the ques- tion....").

3. *Denial of Default Judgment*

Plaintiffs also appeal the denial of their application for default judgment against non-appearing defendants Lev Model and Global Petroleum Group. Because the action was properly dismissed as to the appearing defendants, we cannot conclude that the district court abused its discretion in declining to enter default judgments against the non-appearing defendants. *See Davis v. Nat'l Mortgagee Corp.,* 349 F.2d 175, 178 (2d Cir.1965); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2690, at 75 (3d ed. 1998) ("[I]f the action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants.").

Finally, because we conclude that the district court correctly dismissed the complaint and denied plaintiffs' application for default judgment, plaintiffs' argument that this case should be remanded to a different district judge is moot.

We have considered plaintiffs' other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

C.A.2,2010.
RSM Production Corp. v. Fridman
Slip Copy, 2010 WL 2838582 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.