**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Civil Action No. 10 Civ. 457 (EGS)

RSM PRODUCTION CORPORATION (3600 S. Yosemite Street, Suite 900 Denver, CO 80237),

Plaintiff,

v.

FRESHFIELDS BRUCKHAUS DERINGER US LLP (701 Pennsylvania Ave. NW, Suite 600 Washington, DC), JAN PAULSSON (2 rue Cézanne 75008, Paris, France) and BRIAN KING (520 Madison Avenue, New York, NY 10022)

Defendants.

## RSM PRODUCTION CORPORATION'S RESPONSE TO DEFENDANTS' OCTOBER 28, 2010 NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff RSM Production Corporation responds briefly to Defendants' Notice of Supplemental Authority ("Defendants' Notice") and in particular their invocation of the Second Circuit's analysis in *Norex Petroleum Limited v. Access Industries*, -- F.3d --, 2010 WL 3749281 (2d Cir. Sept. 28, 2010) ("*Norex*"), as well as the Supreme Court's decision in *Morrison v. Nat'l Austrailia Bank*, 130 U.S. 2869 (2010) ("*Morrison*").  These authorities are introduced not to bolster an existing argument for dismissal, but to add a brand new argument that the Complaint fails to allege enough "foreign-focused activity" to sustain a Civil RICO claim.

As a preliminary matter, the Court need not and should not consider this brand new argument.  The premise of Defendants' position is that the Supreme Court's *Morrison* decision changed the law pertaining to RICO's extra-territorial application, but *Morrison* was decided over four months ago, and over a month before Defendants submitted their reply brief in further

support of its Motion to Dismiss.  Defendants offer no particular reason for their tardiness, other than the Second Circuit's *Norex* decision which, according to the Defendants, merely confirmed the change in law from several months earlier.

If the Court considers the merits of this new argument, it will find no reason to grant dismissal.  Defendants cite the leading DC Circuit case on the subject [*United States v. Phillip Morris USA, Inc.*, 566 F.3d 1095, 1130 (DC Cir. 2009)] and acknowledge that the Complaint in this case satisfies the DC Circuit test articulated in *Phillip Morris* for alleging domestic activity in a RICO case.  Defendants' Notice at 2.  The *Phillip Morris* Court observed that a party can be held liable under RICO when its "conduct had substantial domestic effects."  *Id.*  Having made this finding, the Court further noted that "[W]e need not decide today whether RICO has true extraterritorial reach – that is, whether it could reach foreign conduct with no impact on the United States…".  *Id.*

Defendants maintain that the *Philip Morris* case has been overturned by *Morrison*, but *Morrison* is a securities fraud case, not a RICO case.  *Morrison* involved foreign investors trading a foreign security on a foreign exchange. The *Morrison* Court was concerned with the "unpredictable and inconsistent application of Section 10(b) (of the Securities Act) to transnational cases."  *Morrison*, 130 U.S. at 2880.  These concerns do not exist herein.

The notion that *Morrison* overrules *Phillip Morris* also ignores the fact that *Phillip Morris* was not finally disposed of until after the *Morrison* decision.  A Petition for Certiorari was pending in *Phillip Morris* when the Supreme Court decided *Morrison*, and a *Philip Morris* petitioner made precisely the same argument Defendants make herein in a Petition for Rehearing to the Supreme Court after *Morrison* was decided.  The Supreme Court denied the Petition and

refused to enter a GVR Order.  See Petition for Re-Hearing in *British American Tobacco (Investments) Limited v. United States*, 2010 WL 2895480 (July 23, 2010); *British American Tobacco (Investments) Limited v. United States*, 2010 WL 3447461 (Sept. 3, 2010) (rehearing denied).

Defendants' reliance on the *Norex*[1] case fares no better.  The Second Circuit cited to its prior holding that RICO is not an extraterritorial statute, but the Second Circuit's view of the law is a minority view.  The majority view, including the view expressed in Defendants' primary case authorities, is that RICO does in fact apply extraterritorially.  *Doe I v. State of Israel*, 400 F.Supp.2d 86, 115 (D.D.C. 2005) (cited with an asterisk at Freshfields' Opening Brief at 31-32) ("[T]he Court concludes that Congress intended RICO to apply extraterritorially…"); *Liquidation Com'n of Banco Intercontinential, S.A. v. Renta*, 530 F.3d 1339, 1351 (11th Cir. 2008) ("more widely accepted view" is that RICO applies extraterritorially).

The aforementioned discussion of the law should not obscure the fact that the allegations in the Complaint are far more factually focused on criminal conduct which took place in the United States, and/or involved United States citizens, than the allegations in *Norex* or *Morisson*.  This case involves Defendants located in Washington D.C. and New York City, including an individual Defendant (Defendant King) who is a United States Citizen with a law office in New York City.  The bribery conspiracy was advanced through calls to Colorado (Cpt. at ¶ 37), meetings in New York (Cpt. at ¶¶ 35, 42), a meeting in California (Cpt. at ¶ 41), and the

---

[1] Ironically enough, the primary defendant in *Norex* is Access Industries, a company controlled by Len Blavatnik, who is also believed to be one of the funders of Global Petroleum Group, the company alleged to have illegally bribed Grenada and paid Defendants' fees in furtherance of the bribery scheme.  The Complaint alleges that Blavatnik and Mikhail Fridman bribed Grenada's Former Energy Minister, promised more bribes in the future, and promised to pay all of Grenada's legal fees.  Cpt. at ¶ 42.

retention of a Colorado-based attorney to draft a purported contract that RSM refused to sign since it would have amounted to an illegal bribe  (Cpt. at ¶ 40).

Finally, should the Court find these allegations wanting, and agree with Defendants that the law in this Circuit has changed the applicable pleading standards, RSM requests leave to re-plead to address the new standards.

Defendants have offered to submit more comprehensive briefing on the subject of RICO's extraterritorial effect in the context of judging the adequacy of the Complaint.  RSM respectfully requests an opportunity to respond to any further briefing by the Defendants.

Dated: October 29, 2010

                                              Respectfully submitted,

                                              LAW OFFICE OF DANIEL L. ABRAMS, PLLC

                                              _____
                                              Daniel L. Abrams
                                              2 Penn Plaza, Suite 1500
                                              New York, New York 10121
                                              (212) 292-5663
                                              Admitted *Pro Hac Vice*

                                              Kelly Pride Hebron
                                              Pride Law Office
                                              1300 Merchantile Lane, Suite 139ii
                                              Largo, MD 20774
                                              (301) 583-4633